UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-61456-CIV-COHN

GUCCI AMERICA, INC.,

    Plaintiff,

vs.

JRP GROUP INVESTMENTS, L.L.C, et al.,

    Defendants.
_____/

### ORDER GRANTING IN PART AND DENYING IN PART *EX PARTE* APPLICATION FOR ENTRY OF TEMPORARY RESTRAINING ORDER AND RELATED MOTIONS, AND SETTING HEARING ON MOTION FOR PRELIMINARY INJUNCTION

**THIS CAUSE** is before the Court upon Plaintiff's Emergency *Ex Parte* Application for (a) Temporary Restraining Order and Seizure Order; (b) a Preliminary Injunction; (c) Substitute Custodian Order; and (d) an Order Temporarily Sealing the Court File [DE 4] ("Motion"). The Court has considered the Motion, the record in this case, and is otherwise advised in the premises. The Motion will be **GRANTED in part and DENIED in part** only to the extent that the Court shall set a hearing on Plaintiff's motion for a preliminary injunction. The Motion will be denied in all other respects.

Plaintiff Gucci alleges that Defendants sell shoes bearing counterfeits of its trademark, allowing Defendants to undeservedly profit from Plaintiff's reputation and goodwill. Defendants are a large operation, with at least eleven retail stores in Florida and an online presence. In addition to their legitimate business, Plaintiff alleges that Defendants sell a line of shoes that unlawfully incorporates Gucci trademarks—specifically two bicolor ribbons described in the Complaint. Although remarkably similar

to those manufactured by Gucci, these shoes carry different brand names, such as "Profile, Plateau, and Patricia Platt." [DE 4 at 3.]

Plaintiff asks the Court for four forms of relief. First, Plaintiff asks the Court to order the United States Marshals to seize these shoes and Plaintiff's related business records pursuant to the Trademark Counterfeiting Act of 1984, 14 U.S.C. § 1116(d), and turn them over to Plaintiff's attorney. [DE 4 at 6.] Second, Plaintiff asks the Court to enter an *ex parte* temporary restraining order prohibiting Defendants from (a) "importing, advertising, promoting, offering to sell, selling, distributing, or transferring" the offending shoes; (b) communicating with anyone from whom they obtained the shoes or sold the shoes to; (c) talking about the suit with anyone but their attorneys; and (d) destroying evidence related to the shoes' sale. [DE 4-1 at 8.] Third, Plaintiff asks the Court to set a hearing on the propriety of the seizure order and whether to convert the temporary restraining order into a preliminary injunction. [DE 4-1 at 10.] And, finally, Plaintiff asks the Court maintain this case under seal until the seizure order is executed.

The Court will deny Plaintiff's request for seizure and a temporary restraining order. It will instead set this matter for a Preliminary Injunction hearing at which Defendants may appear and contest the relief sought. Given that the Court declines Plaintiff's request for *ex parte* relief, there is no need for this case to remain under seal and Plaintiff's Motion will also be denied on that score.

The Trademark Counterfeiting Act sets forth specific circumstances under which a court may enter a seizure order. According to the Act, the Court shall not issue such an order unless—

> The court finds that it clearly appears form specific facts that—

2

(i) an order other than an ex parte seizure order is not adequate to achieve the purposes of section 1114 of this title;

(ii) the applicant has not publicized the requested seizure;

(iii) the applicant is likely to succeed in his showing that the person against whom seizure would be ordered used a counterfeit mark in connection with the sale, offering for sale, or distribution of goods or services;

(iv) an immediate and irreparable injury will occur if such seizure is not ordered;

(v) the matter to be seized will be located at the place identified in the application;

(vi) the harm to the applicant of denying the application outweighs the harm to the legitimate interests of the person against whom seizure would be ordered of granting the application; and

(vii) the person against whom seizure would be ordered, or persons acting in concert with such person, would destroy, move, hide, or otherwise make such matter inaccessible to the court, if the applicant were to proceed on notice to such person.

15 U.S.C. § 1116(d)(4)(B).

Plaintiff's application fails at least the last of these requirements. Plaintiff has not shown, based on the required "specific facts" that Defendants would destroy or hide the offending shoes and business records absent seizure. The Third Circuit's decision in Lorillard Tobacco Co. v. Bisan Food Corp., 377 F.3d 313 (3d. Cir. 2004) guides the Court. Here, as there, Plaintiff presents "no evidence that these defendants have previously failed to appear in court when required." Id. at 313. Further, Defendants are "incorporated businesses with inventories, assets, and a fixed physical presence," id., and the allegedly infringing sales constitute only a portion of their overall business.

Defendants therefore have assets to support a potential money judgement, and much to lose should they misbehave during the course the litigation.

This observation likewise leads the Court to conclude that a temporary restraining order is not appropriate. To obtain such an order, Plaintiff must show—again through "specific facts"—that "immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). *Ex parte* temporary restraining orders "should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameida Cnty., 415 U.S. 423, 439 (1974).

As observed above, Plaintiff has not provided sufficient support for its contention that Defendants will destroy evidence if provided notice and an opportunity to be heard before entering Plaintiff's requested injunction. Moreover, the Court intends to move promptly towards the Preliminary Injunction hearing. Any marginal additional harm the Plaintiff may experience between the entry of this order and the preliminary injunction hearing can be compensated through money damages at the conclusion of the suit, assuming Plaintiff prevails. See Wright & Miller, Fed. Prac. & Proc. § 2951 (5th ed.) ("[A] court should consider whether damages and other legal remedies are adequate to compensate plaintiff.")

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Emergency *Ex Parte* Application for (a) Temporary Restraining Order and Seizure Order; (b) a Preliminary Injunction; (c) Substitute Custodian Order;

and (d) an Order Temporarily Sealing the Court File [DE 4] is **GRANTED** to the extent that the Court will set a hearing on Plaintiff's motion for a preliminary injunction. The Motion is otherwise **DENIED**.

2. Plaintiff shall immediately serve Defendants with this order and every filing made in this law suit as of the date of this order.

3. A hearing before this Court is **SET** for **August 4, 2015, at 9:30 a.m.,** in Courtroom 203E of the United States Courthouse, 299 East Broward Boulevard, Fort Lauderdale, Florida. At that hearing the Court will hear argument on Plaintiff's Motion for Preliminary Injunction.

4. No later than **July 28, 2015**, Defendants shall file with the Court and serve on Plaintiff's counsel any Response to Plaintiff's Motion for Preliminary Injunction. Plaintiff shall file and serve any Reply no later than **July 31, 2015**. These dates may be revised upon stipulation by all parties and approval of the Court.

5. No later than **July 31, 2015**, Plaintiff and Defendants shall file Witness Lists identifying any witnesses that the parties expect to call at the preliminary-injunction hearing. At the option of the parties, direct testimony may be submitted in the form of written affidavits; however, all affiants will be subject to live cross examination at the hearing.

6. Also no later than **July 31, 2015**, Plaintiff and Defendants shall file Exhibit Lists identifying any exhibits that the parties intend to introduce at the preliminary-injunction hearing. All exhibits shall be pre-labeled in accordance with the proposed Exhibit Lists. Exhibit labels must include the case number.

7. **Defendants are hereby notified that if they do not timely respond to Plaintiff's Motion for Preliminary Injunction and do not appear at the scheduled hearing, the Court may enter a preliminary injunction against them by default.**

8. This case is **UNSEALED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 17th day of July, 2015.

/s/ James I. Cohn
JAMES I. COHN
United States District Judge

Copies provided to:

Counsel of record via CM/ECF and to Plaintiff's counsel via email.